UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE S.M.,<br><br>Plaintiff,<br><br>v.<br><br>BHC STREAMWOOD HOSPITAL, INC., d/b/a STREAMWOOD BEHAVIORAL HEALTHCARE SYSTEM,<br><br>Defendant. | No. 25 CV 13512<br><br>Judge Manish S. Shah |

## MEMORANDUM OPINION AND ORDER

Defendant Streamwood Hospital provides behavioral health services including inpatient treatment for children and adolescents. Plaintiff Jane Doe was hospitalized at Streamwood intermittently between 2004 and 2006 when she was between the ages of 10 and 12. Doe alleges that, during her time at Streamwood, other patients and Streamwood's staff physically and sexually assaulted her. After Doe reported the abuse, Streamwood placed her in seclusion and physically and chemically restrained her in retaliation. As a result of the abuse and retaliation, Doe was diagnosed with post-traumatic stress disorder and has experienced other ongoing consequences. Doe sues Streamwood alleging violations of federal and state law. Streamwood moves to dismiss Counts II, III, IV, IX, XI, XII, and XIV and to strike certain portions of Doe's first amended complaint. For the reasons discussed below, Streamwood's partial motion to dismiss is granted in part and denied in part, and Streamwood's motion to strike is denied.

## I. Legal Standards

A complaint must contain "a short and plain statement" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007). At this stage, I accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor, disregarding legal conclusions or "[t]hreadbare recitals" supported by only "conclusory statements." *Iqbal*, 556 U.S. at 678.

Under Rule 12(f), a court may—but is not required to— strike from a complaint any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are disfavored and in exercising discretion, courts typically consider whether the targeted allegations are clearly prejudicial. *See Wilkins v. City of Chi.*, 736 F.Supp.3d 616, 626 (N.D. Ill. 2024); *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1894 (7th Cir. 1989) ("[M]otions to strike potentially serve only to delay."); *Weston v. City of Chi.*, No. 20 C 6189, 2021 WL 2156459 at *11 (N.D. Ill. May 27, 2021).

## II. Facts

Streamwood Hospital is a residential treatment facility that provides services to children, adolescents, and adults. [33] ¶ 13.[1] As part of its services to children and adolescents, Streamwood offers education to its patients and accepts federal and local education funding. *Id.* ¶ 22.

Doe received inpatient services at Streamwood intermittently between 2004 and 2006, when she was 10 to 12 years old. *Id.* ¶ 11. Doe alleges that other patients and Streamwood staff members abused her on at least three occasions. *Id.* ¶¶ 47–70. First, Doe's roommate molested her. *Id.* ¶ 53. Doe reported the assault. *Id.* ¶ 54. After her report, Streamwood placed Doe in a seclusion room and chemically and physically restrained her. *Id.* ¶ 54. Second, a 17-year-old patient threatened and attacked Doe. *Id.* ¶ 55. Doe, again, reported the assault and remained in seclusion. *Id.* ¶¶ 55–57. After the second assault, Streamwood transferred Doe to a housing unit known as the "SX Dorm" for residents with a history of sexually aggressive behavior. *Id.* ¶ 59. Third, while she was in the SX Dorm, a female staff member sexually assaulted Doe three times. *Id.* ¶ 62. She reported the assaults by the staff member and was, again, placed in seclusion for three to five days and chemically and physically restrained. *Id.* ¶ 63.

Streamwood diagnosed Doe with bipolar disorder, and, because of the abuse, she has been diagnosed with PTSD. *Id.* ¶¶ 49, 68. During subsequent stays at

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from plaintiff's first amended complaint, [33].

Streamwood, Doe exhibited severe trauma symptoms and continues to experience chronic anxiety, sleep disturbances, nightmares, and hypervigilance. *Id.* ¶¶ 67, 69.

Doe filed this lawsuit against Streamwood Hospital, alleging violations of the Americans with Disabilities Act, the Rehabilitation Act of 1973, the Illinois Human Rights Act, Title IX, and the Illinois Gender Violence Act. Doe also alleges negligence, negligent hiring, negligent retention, negligent supervision, gross negligence, negligent misrepresentations, assault and battery, negligent infliction of emotional distress, intentional infliction of emotional distress, and breach of fiduciary duty. *Id.* ¶¶ 81–212. Streamwood moves to dismiss Doe's Rehabilitation Act, Illinois Human Rights Act, Title IX, Illinois Gender Violence Act, assault and battery, and intentional infliction of emotional distress claims and to strike certain paragraphs of Doe's complaint. [36].

## III. Analysis

As an initial matter, Doe concedes that Counts III, IX, and XI should be dismissed. [39] at 1. I agree. Gross negligence (Count IX) is not a standalone cause of action under Illinois law. *Merit Ins. Co. v. Colao*, 603 F.2d 654, 659 (7th Cir. 1979) ("Illinois does not recognize gross negligence as an independent ground for recovery."). Counts III and XI are time-barred. *See* 775 ILCS 5/7A–102(A)(1) ("Within 2 years after the date that a civil rights violation has allegedly been committed, a charge…may be filed with the Department" of Human Rights); *Talley v. Washington Inventory Service*, 37 F.3d 310, 312 (7th Cir. 1994) ("[C]ourts have no jurisdiction to hear independent actions for alleged human rights violations" under the Illinois

Human Rights Act); 740 ILCS 82/20 (Under the Illinois Gender Violence Act, "if the person entitled to bring the action was a minor at the time the cause of action accrued, the action must be commenced within 7 years after the person reaches the age of 18."). Counts III, IX, and XI are dismissed with prejudice. Doe cannot correct these defects by amending her complaint, so dismissal with prejudice is appropriate. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and N.W. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015).

### A. Count II: Rehabilitation Act

The Rehabilitation Act states that no individual with a disability "shall, solely by reason of her or his disability, be excluded from the participation, be denied benefits of, or be subjected to discrimination under any program or activity" receiving federal funds. 29 U.S.C. § 794(a). Doe claims that she had a disability and, as required by the Rehabilitation Act, should have received services at Streamwood in an integrated setting instead of being placed in isolation. [33] at ¶¶ 91, 92, 97.

Streamwood argues that Doe's claim under § 504 of the Rehabilitation Act fails for two reasons: (1) Doe fails to plead that the discrimination she experienced was solely because of her disability and (2) Doe's claim is time-barred. [36] at 5. Streamwood is correct on both accounts.

First, to state a claim under § 504 of the Rehabilitation Act, Doe must allege facts that, when taken in her favor, allow the inference that Streamwood placed her in seclusion or isolation "solely by reason of" her disability. *See Brumfield v. City of Chi.*, 735 F.3d 619, 630 (7th Cir. 2013). She does not. Instead, Doe alleges that

Streamwood placed her in seclusion or isolation as retaliation for reporting sexual abuse. [33] ¶¶ 54, 57, 63. Because Doe pleads that Streamwood had a retaliatory animus for placing her in isolation, Streamwood's actions could not have been because of her disability, and she fails to state a claim under § 504 of the Rehabilitation Act.

Second, Doe's Rehabilitation Act claim is time-barred. The Rehabilitation Act does not contain a statute of limitations, so courts must borrow one from local state law. *Wilson v. Garcia,* 471 U.S. 261, 266–67 (1985) ("When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so."). Doe argues that the appropriate state law to borrow from is Illinois's child sexual abuse personal injury law, which states that an action for childhood sexual abuse in which the victim is a minor "may be commenced at any time." 735 ILCS 5/13-202.2(f); [39] at 4–5. Streamwood argues that a two-year statute of limitations applies. [40] at 3–5.

Rehabilitation Act claims are civil rights claims like those brought under 42 U.S.C. § 1983. *Bd. of Educ. of City of Chi. v. Wolinsky*, 842 F.Supp. 1080, 1085 (N.D. Ill. 1993); *Bush v. Commonwealth Edison Co.*, 990 F.2d 928, 933 (7th Cir. 1993). In determining the statute of limitations for civil rights claims, courts use the "general or residual [state] statute for personal injury actions" and do not use a case-by-case approach based on the specific facts of the claims. *Woods v. Ill. Dept. of Child. & Fam. Serv.*, 710 F.3d 762, 766 (7th Cir. 2013) (quoting *Ownes v. Okure*, 488 U.S. 235, 249–50) (1989)). For example, in *Woods,* the plaintiff sued under § 1983 and argued that

because his case involved childhood sexual abuse, the statute of limitations in the Illinois Childhood Sexual Abuse Act should apply. *Id.* at 766. The Seventh Circuit held that the limitations period for "*all* §1983 claims brought in Illinois" was two years, including those involving childhood sexual abuse. *Id.* at 768 (emphasis in original).

The same reasoning applies here. Rehabilitation Act claims are subject to the two-year statute of limitations applicable to general personal injury claims in Illinois. *Bush*, 990 F.2d at 933 (Section 504 claims are subject to a two–year statute of limitations); *Wolinsky*, 842 F.Supp. at 1085 ("The two-year Illinois statute of limitations for personal injury suits, 735 ILCS 5/13–202, is thus applicable to § 504 of the Rehabilitation Act."). The statute of limitations does not change on a case-by-case basis—regardless of the underlying subject of the suit. Doe's claims accrued when she turned eighteen in 2012. [33] ¶11. Doe had until 2014 to file suit and waited until 2025 to do so. Therefore, her claims are time-barred and Count II is dismissed with prejudice as any amendment would be futile.

**B. Count IV: Title IX**

"Title IX prohibits discrimination on the basis of sex in educational settings." *C.S. v. Madison Metro. Sch. Dist.*, 34 F.4th 536, 540 (7th Cir. 2022). A victim of such discrimination may recover damages from an educational institution only when (1) an official who has authority to institute corrective measures had actual notice of the misconduct and (2) the official was deliberately indifferent to the misconduct. *Id.* (quoting *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 777 (1998)). The "two–

pronged standard—requiring both actual notice and deliberate indifference—is difficult to meet." *Id.* Doe bases her Title IX claim on the sexual abuse she experienced at Streamwood and the resulting detriment to her educational opportunities. [33] ¶¶ 106–132.

Streamwood argues that Doe's Title IX claim should be dismissed because she attempts to bring the claim under a vicarious liability theory. [36] at 7. Streamwood is correct that Title IX does not allow for vicarious liability. *Hansen v. Tr. of Hamilton Southeastern Sch. Corp.*, 551 F.3d 599, 605 (7th Cir. 2008) ("[T]he [Supreme] Court rejected the use of both vicarious liability and constructive notice in Title IX cases.") (citing *Gebser*, 524 U.S. at 285). But according to Doe, her Title IX claim is against Streamwood directly and does not rely on vicarious liability. [39] at 5.

Streamwood also argues that Doe fails to plead actual notice and fails to identify a particular administrator against whom Streamwood's direct liability would follow. [36] at 7–10. At the pleading stage, Doe is not required to identify a particular administrator. *Davis v. Joliet Twp. High Sch. Dist. 204 Bd. of Educ.*, No. 24 CV 1701, 2025 WL 3268487, at *5 (N.D. Ill. Nov. 24, 2025). However, Doe is required to allege that a requisite official had actual knowledge of the misconduct. Actual knowledge arises from what an administrator sees themselves and learns from others and must concern "*completed or ongoing violations* of Title IX's prohibition on discrimination." *C.S.*, 34 F.4th at 541 (emphasis in original). In other words, if an administrator learns about the sexual harassment only after the fact, they do not have actual notice. *Doe v. Bd. of Educ. of City of Chi.*, 611 F.Supp.3d 516, 529 (N.D. Ill. 2020); *see e.g.*

*Trentadue v. Redmon*, 619 F.3d 648, 653 (7th Cir. 2010) (no actual notice where school officials found out about sexual abuse of a student several weeks later).

Doe argues that Streamwood's management had actual knowledge of the abuse because she reported instances of abuse: two instances of sexual abuse by her roommate; one attack by a 17-year-old; and three instances of sexual abuse by a female staff member. [33] at ¶¶ 54, 56, 64. But Streamwood only learned about the instances of abuse after the fact. Doe does not allege that the instance with her roommate was ongoing or that officials had knowledge of the abuse by the staff member until after all three instances. And whether Doe alleges that the attack by the 17-year-old was sex-based discrimination is unclear from the pleadings. Taken together, Doe alleges, at most, a pattern of disparate abuse.[2]

Doe compares her situation to that in *Davis*, 2025 WL 3268487, at *1. There, the court found that the plaintiff—who was sexually abused, harassed, and groomed by a school social worker—had plausibly alleged actual notice where school administrators received complaints that the perpetrator frequently called the plaintiff out of class to her office, witnessed other students teasing the plaintiff about having "sex" with the perpetrator, saw the plaintiff entering and exiting the perpetrator's office with the blinds drawn, and received a report from the plaintiff's

[2] Two of the instances (with Doe's roommate) potentially fall into the "student-on-student" category of liability under Title IX. "A school district may incur Title IX liability for student-on-student sexual harassment if the district was deliberately indifferent to harassment that was so pervasive, severe, and objectively offensive that it denied the student equal access to education." *Trentadue v. Redmon*, 619 F.3d 648, 654 (7th Cir. 2010). "Whether a victim may sue under Title IX based on a single instance of student-on-student harassment has divided the courts of appeals." *Arana v. Bd. of Regents of Univ. of Wis. Sys.*, 182 F.4th 670, 684–85 (7th Cir. 2026). I do not reach the question here because of Streamwood's lack of actual notice.

mother that the social worker was having an inappropriate relationship with her son. *Id.* at *2, *5. Doe does not allege a pattern of ongoing reports or suspicions of the same type of sexual abuse from the same perpetrator or that any of her perpetrators were known to be serial harassers. *See C.S.*, 34 F.4th at 543 ("[A] school that knowingly employs a serial harasser is asking for trouble."). Doe's reports to Streamwood involve different instances of sexual abuse by separate perpetrators and do not permit the inference that, taken in totality, Streamwood's management had actual knowledge of the abuse. Because Doe has failed to sufficiently plead actual notice, Count IX is dismissed without prejudice.[3]

### C. Count XII: Assault and Battery

Streamwood argues that Doe's assault and battery claim should be dismissed because sexual assault is never within the scope of employment for vicarious liability under Illinois law. [36] at 11. To the extent Doe bases her assault and battery on sexual assault, Streamwood is correct (and Doe agrees). [39] at 9–10; *see Martin v. Milwaukee County*, 904 F.3d 544, 556 (7th Cir. 2018) ("[U]nder Illinois law, sexual assault categorically is never within the scope [of employment].").

"A person commits an assault when, without lawful authority, he or she knowingly engages in conduct which places another in reasonable apprehension of receiving a battery." 720 ILCS 5/12-1. "A person commits battery if he or she knowingly without legal justification by any means (1) causes bodily harm to an

---

[3] A plaintiff who has claims dismissed under Rule 12(b)(6) is ordinarily given at least one opportunity to amend his complaint. *See Runnion*, 786 F.3d at 519; *Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022).

individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12-3. Doe alleges that Streamwood's staff used physical and chemical restraints against her without justification after she reported being the victim of sexual abuse. [33] ¶¶ 54, 57–58, 63, 190, 195. Taking these well-pled allegations as true, Doe states a claim for assault and battery, and Streamwood's motion to dismiss Count XII is denied.

**D. Count XIV: Intentional Infliction of Emotional Distress**

Streamwood argues that Doe's intentional infliction of emotional distress claim should be dismissed for two reasons. First, Streamwood argues that it cannot be liable for intentional infliction of emotional distress to the extent Doe's claims are based on sexual assault by its employees. [36] at 12. I agree. To the extent Doe's claim is based on sexual assault, it fails because sexual assault is never within the scope of employment. *Martin*, 904 F.3d at 556.

Second, Streamwood argues that Doe otherwise fails to state a claim. To state a claim for emotional distress under Illinois law, Doe must plead that (1) the defendant's conduct was extreme and outrageous, (2) the defendant intended to inflict severe emotional distress or knew that there was at least a high probability that his conduct would inflict severe emotional distress, and (3) that the defendant's conduct did cause severe emotional distress. *Schweihs v. Chase Home Fin., LLC*, 412 Ill.Dec. 882, 895 (2016). A defendant's conduct must "be so extreme as to go beyond all bounds of decency and be regarded as intolerable in a civilized community" and may be a "pattern, course and accumulation" of acts. *Feltmeier v. Feltmeier*, 207 Ill.2d 263, 274

(2003). Three factors are particularly relevant when determining the outrageousness of the conduct: (1) the amount of power the defendant had over the plaintiff; (2) whether the defendant reasonably believed its objective was legitimate; and (3) whether the particular plaintiff was susceptible to emotional distress because of some physical or mental condition or peculiarity. *Franciski v. Univ. of Chi. Hosp.*, 338 F.3d 765, 769 (7th Cir. 2003) (citing *McGrath v. Fahey*, 126 Ill.2d 78, 127 (1988)).

According to Streamwood, the only conduct Doe attributes to it is that it failed to enforce policies and procedures and sanctioned a culture of abuse at its facilities. [36] at 13. But Doe's allegations go far beyond that. Doe alleges that when she was between the ages of 10 and 12, Streamwood's staff placed her in seclusion and physically and chemically restrained her—on three separate occasions—as retaliation for reporting sexual abuse. [33] at ¶¶ 54–58, 62–63. During one of those times, Streamwood's staff exposed Doe to constant noise to deprive her of sleep for three to five days. *Id.* ¶ 63. Taking these allegations as true and in combination with an abusive culture, a fact finder could conclude that this was an extreme and outrageous pattern of abuse. Streamwood's staff had significant power over Doe because of her age and patient status. *Franciski*, 338 F.3d at 769 ("[T]he more power or control the defendant has over the plaintiff, the more likely the conduct will be extreme."); *Feltmeier*, 207 Ill.2d at 273 ("Illinois cases in which the tort of intentional infliction of emotional distress has been sufficiently alleged have very frequently involved a defendant who stood in a position of power or authority relative to the plaintiff."). And Doe may have been particularly susceptible to distress because of her

mental health conditions and prior trauma including bipolar disorder, family abandonment, and suicidal ideation as well as her age. [33] at ¶¶ 48–49; *A.J. by Julka v. Butler Ill. Sch. Dist. #53*, No. 17 C 2849, 2020 WL 3960444, at *4 (children accused of cheating were especially susceptible to emotional distress due to their age). The complaint plausibly alleges facts that would allow a jury to find that Streamwood should have known there was a high probability that punishing a child with mental health challenges for reporting sexual assault would inflict severe emotional distress. Finally, Doe alleges that she experienced severe emotional distress because of Streamwood's conduct and was diagnosed with PTSD. [33] ¶¶ 68, 208. Streamwood's motion to dismiss Count XIV is denied.

**E. Motion to Strike**

Streamwood moves to strike paragraphs 25–34 and 36–39 from Doe's first amended complaint. [40] at 1. Streamwood argues that the allegations in the paragraphs are immaterial, impertinent, and prejudicial because they relate to parties other than Doe and include internet reviews of Streamwood and information about unrelated investigations. [40] at 10–12. But Streamwood has not demonstrated that it will be "clearly prejudiced" by the listed paragraphs or that they are so irrelevant that they should be struck. *Wilkins*, 736 F.Supp.3d at 626; *Weston*, 2021 WL 2156459 at *10.

Streamwood will not be prejudiced by the complained-of paragraphs because Doe is not necessarily entitled to discovery on those issues and the allegations pose no risk of needlessly prolonging the litigation. *See Brady for Smith v. SSC Westchester*

*Operating Co. LLC*, 533 F.Supp.3d 667, 677 (N.D. Ill. 2021) ("That plaintiffs allege a fact doesn't mean they're entitled to discovery on that fact."). "[T]hat an allegation may later end up being irrelevant, inadmissible, or even untruthful does not mean that it must be stricken from the pleadings." *Conner v. Bd. of Tr. for Univ. of Ill.*, No. 19 CV 846, 2019 WL 5179625 at *10 (N.D. Ill. Oct. 15, 2019). I see no reason to strike those paragraphs from Doe's first amended complaint at this stage. The motion to strike is denied.

## IV. Conclusion

Streamwood's partial motion to dismiss and motion to strike, [36], is granted in part and denied in part. The motion is granted as to counts II, III, IV, IX, and XI, and denied as to counts XII and XIV. The motion to strike is denied.

ENTER:

Manish S. Shah
United States District Judge

Date: October 16, 2026